Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 5 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. YOLANDA MYERS _____ Docket No. CR 02-00260DAE-04

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW MERILEE N. LAU, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of YOLANDA MYERS who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 25th day of August 2003, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. Defendant shall submit to random drug testing for the first 3 years of supervised release. Thereafter, drug testing shall be suspended if defendant is in compliance.

3. That the defendant is prohibited from possessing any illegal or dangerous weapons.

4. That the defendant provide the Probation Office access to any requested financial information.

5. Court grants the defendant's association with her son, codefendant Wayne L. Kahale, provided he complies with the Bureau of Prisons rules and regulations.

6. Defendant shall perform 50 hours of community service in each of the 5 years of supervised release for a total of 250 hours. Court orders that the community service be performed in the Hawaiian Community.

Modification: On 9/8/2005, the Court modified the supervised release conditions and imposed the following additional condition: 7. That the defendant is prohibited from the possession and consumption of alcohol during the term of her supervised release.

Prob 12C
(Rev. 1/06 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 10/14/2005, the offender was adjudged guilty in District Court of the First Circuit for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-0061 and the General Condition.

2. On 5/18/2006, the offender engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-0061 and the General Condition.

3. The offender admitted that she consumed approximately four alcoholic beverages (long island iced tea) on or about 5/18/2006, in violation of Special Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    6/7/06

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/Hi)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 7th day of June, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:    **MYERS, Yolanda**
       **Criminal No. CR 02-00260DAE-04**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 3: Attempted Possession With Intent to Distribute 50 Grams or More of Methamphetamine, a Class A felony. On 8/25/2003, she was sentenced to 24 months imprisonment and 5 years supervised release with the special conditions noted on the facesheet of the petition.

The offender enrolled in the Drug Addiction Services of Hawaii, Inc. (DASH), for counseling and drug testing. The offender completed the counseling portion of the treatment program in September 2004. To date, she has submitted approximately 49 drug tests, all of which were negative for drugs.

The offender appears before the Court after two incidents of Operating a Vehicle Under the Influence of an Intoxicant (OVUII). Following her initial arrest for this incident, the Court modified the supervised release conditions and prohibited her from the possession and consumption of alcohol. She was later adjudged guilty of this offense. Approximately 7 months later, the offender was again arrested for OVUII. She admitted to the consumption of alcohol and intends on pleading guilty to this offense. The offender is scheduled to appear in District Court on 7/21/2006. The violations are as follows:

**Violation No. 1 - On 10/14/2005, the offender was adjudged guilty of Operating a Vehicle Under the Influence of an Intoxicant:** On 8/9/2005, the offender contacted this officer and reported that she was arrested on 8/5/2005 for Operating a Vehicle Under the Influence of an Intoxicant (OVUII). She related that prior to her arrest, she consumed wine at her nephew's house. She was stopped by the police and failed the field sobriety test prior to her arrest. She was administered an intoxilyzer test and her blood alcohol content was .196. On 10/14/2005, the offender appeared in Honolulu District Court and was adjudged guilty of OVUII. The offender was ordered to pay a fine of $200. In response to the law violation, the offender was issued a verbal and written reprimand. Furthermore, on 9/8/2005, the Court modified the supervised release conditions and imposed Special Condition No. 7: That the defendant is prohibited from the possession and consumption of alcohol during the term of supervised release. She was further warned that further noncompliance would likely result in more punitive sanctions to include the possible revocation of supervision.

**Violation No. 2 - On 5/18/2006, the offender engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant:** On 5/22/2006, our office was notified that the offender failed to submit to a random drug test at the Freedom Recovery Services on Saturday, 5/20/2006. This officer left a message on the offender's cellular telephone on 5/22/2006. On 5/23/2006 at approximately 6:30 p.m., this officer contacted the offender on her cellular telephone. The offender reported that she was just released from the Oahu Community Corrections Center after having been arrested on 5/18/2006 for OVUII. The offender admitted that she consumed four alcoholic beverages (long island

Re:    **MYERS, Yolanda**
       **Criminal No. CR 02-00260DAE-04**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

iced tea) at a bar in Kailua. She admitted that she knew she was prohibited from possessing or consuming alcohol. She admitted that she was "drinking and driving" and had no excuse. According to the police report, when the offender was stopped by the police officer and asked to submit to a field sobriety test, she stated, "No, I ain't going to do that, you know I'm drunk already." The offender refused to submit to a breathalyzer or blood test at the police station; therefore, her blood alcohol content is unknown. The offender stated that her court hearing is scheduled for 7/21/2006 and she intends to plead guilty to OVUII.

**Violation No. 3 - Offender admitted that she consumed approximately four alcoholic beverages (long island iced tea) on or about 5/18/2006:** On 9/8/2005, the Court modified the supervised release conditions to include prohibiting from the possession and consumption of alcohol during the term of her supervised release. The offender admitted to consuming alcoholic beverages on 5/18/2006 even though she was aware that she was not to possess or consume alcohol.

Because this is the offender's second arrest for OVUII while on supervised release, it is respectfully recommended that the Court issue a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

MNL/pts

Re:   **MYERS, Yolanda**
      **Criminal No. CR 02-00260DAE-04**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant is prohibited from the possession and use of alcohol.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:        YOLANDA MYERS                              Docket No.  CR 02-00260DAE-04
Address:

Under the terms of this sentence, the defendant has been placed on probation by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (3/4/2004).

*supervised release*

While on ~~probation~~, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]        The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

### For offenses committed on or after September 13, 1994:

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[  ]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## It is the order of the Court that the defendant shall comply with the following standard conditions:

(1)        The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)        The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)        The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)     *Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)     *Defendant shall submit to random drug testing for the first 3 years of supervised release. Thereafter, drug testing shall be suspended if defendant is in compliance.*

*(Special conditions continued on next page)*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     3/8/04
                YOLANDA MYERS, Defendant            Date

_____     3/8/04
MERILEE N. LAU                            Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    YOLANDA MYERS
       Docket No. CR 02-00260DAE-04

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

(4)    *That the defendant provide the Probation Office access to any requested financial information.*

(5)    *Court grants the defendant's association with her son, co-defendant Wayne L. Kahale, provided he complies with the Bureau of Prisons rules and regulations.*

(6)    *Defendant shall perform 50 hours of community service in each of the 5 years of supervised release for a total of 250 hours. Court orders that the community service be performed in the Hawaiian Community.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     3/8/04
              YOLANDA MYERS, Defendant              Date

              _____     3/8/04
              MERILEE N. LAU                         Date
              Senior U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED

'05 SEP -8 A11 :24

U.S. PROBATION OFFICE
HISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 8 2005

at 0 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: YOLANDA MYERS          Case Number: CR 02-00260DAE-04

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
Chief U.S. District Judge

Date of Original Sentence: 8/25/2003

Original Offense:     <u>Count 3</u>:  Attempted Possession With Intent to Distribute 50 Grams
or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and
841(b)(1)(A), a Class A felony

Original Sentence:    The defendant is hereby committed to the custody of the
United States Bureau of Prisons to be imprisoned for a total term of
24 months and 5 years supervised release with the following
special conditions:  1) Defendant shall participate in a substance
abuse program, which may include drug testing at the discretion
and direction of the Probation Office; 2) Defendant shall submit to
random drug testing for the first 3 years of supervised release.
Thereafter, drug testing shall be suspended if defendant is in
compliance; 3) That the defendant is prohibited from possessing
any illegal or dangerous weapons; 4) That the defendant provide
the Probation Office access to any requested financial information;
4) Court grants the defendant's association with her son,
codefendant Wayne L. Kahale, provided he complies with the
Bureau of Prisons rules and regulations; and 6) Defendant shall
perform 50 hours of community service in each of the 5 years of
supervised release for a total of 250 hours.  Court orders that the
community service be performed in the Hawaiian Community.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  3/4/2004

## PETITIONING THE COURT

[✓]     To modify the conditions of supervision as follows:

     7.     That the defendant is prohibited from the possession and consumption of alcohol during the term of her supervised release.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | On or about 8/6/2005, the offender engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 201E-0061 and the General Condition. |

On 8/9/2005, the offender contacted this officer and reported that she was arrested on 8/5/2005 for Operating a Vehicle Under the Influence of an Intoxicant (OVUII). She related that prior to her arrest, she consumed wine at her nephew's house. She was stopped by the police and failed the field sobriety test prior to her arrest. She was administered an intoxilyzer test and her blood alcohol content was .196. The subject subsequently posted bail and was released.

A review of the police reports corroborated the offender's statement to this officer. She reported to the Probation Office on 8/25/2005 and expressed remorse and apologized for her conduct. She indicated that she would plead guilty to the charge of OVUII in September 2005 at her court appearance in the Honolulu District Court.

As a sanction, the offender was issued a verbal and written reprimand. Further, she agreed to a modification of her supervised release conditions which prohibits her from the possession and consumption of alcohol during the term of her supervised release. Even if she is convicted of this offense, we are not recommending the revocation of her supervised release based on her compliance and otherwise satisfactory adjustment on supervision. The additional condition will serve as a deterrent to any future noncompliance.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The

Prob 12B
(7/93)

3

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  9/1/2005

THE COURT ORDERS:

[ ✓ ] The Modification of Conditions as Noted Above
[   ] Other

DAVID ALAN EZRA
Chief U.S. District Judge

SEP 0 6 2005

Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

7. *That the defendant is prohibited from the possession and consumption of alcohol during the term of her supervised release.*

Witness: _____
MERILEE N. LAU
U.S. Probation Officer

Signed: _____
YOLANDA MYERS
Supervised Releasee

_____
8-25-05
Date